MAURICE GINNA, Administrator, etc., Respondent, *v.* THE SECOND AVENUE RAILROAD COMPANY, Appellant.

Where a street railroad car is so crowded that, although it may not be physically impossible for one taking passage to enter it, yet that he cannot do so without great and unreasonable discomfort to himself and to the prior occupants of the car, and the conductor consents to, and does, accept from him the usual fare without insisting upon his finding a place within the car, and while riding upon the platform he is thrown off and injured by the negligence of the company or its employes, the fact that he was standing upon the platform does not of itself constitute contributory negligence ; but it is a question for the jury.

So, also, it is not negligence *per se* for one riding upon the platform of the car to omit to take hold of the iron bar or rail to prevent being thrown from the platform.

Exceptions will not lie to the language of the judge in giving instructions to a jury, unless it is such as to convey a wrong impression, or to mislead as to the law of the case.

(Argued November 20, 1876; decided November 28, 1876.)

THIS was an action to recover damages for the alleged negligent killing of John Ginna, plaintiff's intestate. (Reported below, 8 Hun, 494.)

The deceased got on to one of defendant's cars, which, as defendant's driver testified, was crowded inside. He looked in. There was a lady standing against the door. He then

turned and stood upon the platform with his back to the car. Three or four other passengers also stood upon the platform. The conductor, in collecting fares, instead of going through the car, had to pass around on the outside to the front platform. The deceased paid his fare. In consequence of a switch having been left open, the car ran off upon it, producing a violent jolt or shock, which threw off most of the persons riding upon the platform, and among them the deceased, who was so injured that he subsequently died. Defendant's counsel moved on the trial to dismiss the complaint on the ground of contributory negligence, which motion was denied. No question was made upon the appeal as to defendant's negligence. The court held as above, citing *Clark* v. *Eighth Avenue Railroad Company* (36 N. Y., 135); *Willis* v. *Long Island Railroad Company* (34 id., 670); *Spooner* v. *Brooklyn City Railroad Company* (54 id., 230); *Edgerton* v. *New York and Harlem Railroad Company* (39 id., 227). Several exceptions were made to the forms of expression and to some irrelevant remarks of the judge in his charge. The submission of the questions in the case to the jury and the statement of the principles of law by which they were to be governed were substantially correct. *Held*, that an exception would not lie.

The court instructed the jury that they had the right to infer "that the deceased was holding on to the iron to keep on to the platform." There was no evidence upon that point. *Held*, error; but that the error was harmless, as the fact was immaterial; that, whether or not he took hold of the iron did not affect the question of negligence. It was not negligence *per se* for the deceased to omit to avail himself of the iron bar.

*Austen G. Fox* for the appellant.

*O. P. Buel* for the respondent.

ALLEN, J., reads for affirmance.
All concur.
Judgment affirmed.